Jared Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Ste 200
Henderson, Nevada 89102
Telephone No.: (702) 476-5900
Facsimile No.: (702) 924-0709
jared@clearcounsel.com
dustin@clearcounsel.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERREL GREGORY and ELLA UKAOMA-GREGORY, individuals<br><br>Plaintiff,<br><br>vs.<br><br>REBECCA PALMER, an individual; SEAN MONTGOMERY, an individual; OSCAR CONCHAS, an individual; JESSE CESENA, an individual; THE CITY OF NORTH LAS VEGAS, a municipal governmental entity and a political subdivision of the State of Nevada; DOE EMPLOYEES I through X, inclusive; DOES I through XV, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**Jury Demand Included** |

COMES NOW, Plaintiffs, TERREL GREGORY and ELLA UKAOMA-GREGORY, by and through their attorneys of record, Jared R. Richards, Esq. and Dustin E. Birch, Esq. of Clear Counsel Law Group, and hereby complains against Defendants REBECCA PALMER, an individual; SEAN MONTGOMERY, an individual; OSCAR CONCHAS, an individual; JESSE CESENA, an individual, and The City of North Las Vegas, as follows:

///

///

## I. INTRODUCTION

1. This is a personal injury and a civil rights action brought by Plaintiffs, TERREL GREGORY and ELLA UKAOMA-GREGORY against Defendants REBECCA PALMER, an individual; SEAN MONTGOMERY, an individual; OSCAR CONCHAS, an individual; JESSE CESENA, an individual, and The City of North Las Vegas for violations of Plaintiffs' rights guaranteed by the United States Constitution while they were lawfully on their property.

2. Plaintiffs bring this action to seek relief for Defendants' violation of their rights protected by 42 U.S.C. § 1983 and by the First, Fourth, Seventh and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Nevada Section 8, 9, 10, and 18 and the common law of the State of Nevada.

## II. PARTIES

3. At all times herein mentioned, Plaintiff, TERREL GREGORY ("Plaintiff Terrel"), is and was a resident of Clark County, Nevada.

4. At all times herein mentioned, Plaintiff, ELLA UKAOMA-GREGORY ("Plaintiff Ella"), is and was a resident of Clark County, Nevada.

5. Upon information and belief, at all times herein mentioned, Defendant REBECCA PALMER ("Palmer") is and was a resident of Clark County, Nevada.

6. Upon information and belief, at all times herein mentioned, Defendant SEAN MONTGOMERY ("Montgomery") is and was a resident of Clark County, Nevada.

7. Upon information and belief, at all times herein mentioned, Defendant OSCAR CONCHAS ("Conchas") is and was a resident of Clark County, Nevada.

8. Upon information and belief, at all times herein mentioned, Defendant JESSE CESENA ("Cesena") is and was a resident of Clark County, Nevada.

9. Defendant The City of North Las Vegas is a municipal governmental entity and/or a political subdivision of the State of Nevada operating within the boundaries of Clark County, Nevada.

10. The true names or capacities of DOE EMPLOYEES I through X, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants, DOE EMPLOYEES I through X, are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend their Complaint, to insert the true names and capacities of DOE EMPLOYEES I through X, when the same have been ascertained and to join such Defendants in this action.

11. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through XV and ROE CORPORATIONS I through X, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants, DOES I through XV, and ROE CORPORATIONS I through X, are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend their Complaint, to insert the true names and capacities of DOES I through XV and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

12. Plaintiffs are informed and believe that DOE individuals, I through V, are agents, employees and/or assigns of Defendants generally or designated as ROE CORPORATIONS I through X, who by their action or omission caused or contributed to the incident which resulted in Plaintiffs' injuries. Plaintiffs are informed and believe that DOE individuals, VI through X, are owners, operators, lessors, lessees, or individuals otherwise within control, who by their actions or omissions caused or contributed to the incident which resulted in Plaintiffs' injuries. Plaintiffs are informed and believe that DOE individuals, XI through XV, are individuals otherwise interaction with, designing, approving, repairs, constructing, creating, altering, supervising, or maintaining, the facility hereto, who by their actions or omission caused or contributed to the incident which resulted in Plaintiffs' injuries.

13. Plaintiffs are informed and believe that ROE CORPORATIONS I through V are owners, lessors, lessees, users, and/or maintainers of the facility herein alleged, and/or are in some manner responsible for the actions and omissions of their employees, agents, assigns, lessees and/or predecessors or successors in interest related hereto. Plaintiffs are informed and believe that ROE CORPORATIONS VI through X are insurers of Plaintiffs and/or Defendants and/or parties herein alleged and provided insurance to include, but not limited to, errors and omissions coverage, umbrella coverage, corporation liability coverage, general liability coverage, and/or other coverage for Plaintiffs and/or Defendants and/or any party hereto or DOE or ROE.

14. Plaintiffs are informed and believe that at all relevant times each of the Defendants – including DOES I through XV, and ROE CORPORATIONS I through X, inclusive – were the agent, servant, representative, partner or employee of each of the Defendants, and, in doing the things alleged in this Complaint, were acting within the course and scope of their authority as such agents, servants, representatives, partners, or employees of each of the Defendants.

### III.   JURISDICTION AND VENUE

15. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district that a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

16. This Court has jurisdiction over The City of North Las Vegas, because it is a political subdivision of Nevada, subject to this Court's natural jurisdiction.

17. This Court has jurisdiction over this case as Plaintiffs are seeking damages in excess of $15,000.00.

18. This Court is an appropriate venue in this matter under because the actions giving rise to this action occurred in this Court's judicial district and all evidence and records relevant to the allegations are maintained in this judicial district.

///

///

## IV.     STATEMENT OF FACTS

19.     Plaintiffs were residing at 3740 Gallowtree in North Las Vegas, Nevada 89081.

20.     Plaintiffs were lawfully on their property in North Las Vegas when they were approached by North Las Vegas Police Department officers PALMER, MONTGOMERY, and CONCHAS.

21.     Defendants PALMER and MONTGOMERY, and CONCHAS announced themselves at the residence and indicated that someone near or within the home called 911.

22.     Defendants PALMER, MONTGOMERY, and CONCHAS offered assistance to the Plaintiffs, which Plaintiffs refused as no assistance was necessary.

23.     Plaintiff ELLA was wrongfully forcibly handcuffed and thrown into the back of a police vehicle in custody under the guise of "public nuisance" and "obstructing justice."

24.     Plaintiff TERREL was thrown to the ground by Defendants PALMER, MONTGOMERY, and CONCHAS and was hit in his head multiple times by unknown Defendants.

25.     Defendants PALMER, MONTGOMERY, and CONCHAS grabbed Plaintiff TERREL against his will and wrongfully and forcibly handcuffed and threw him in the back of a police vehicle.

26.     Upon information and belief, Plaintiff ELLA was transported in custody by Defendant CESENA, who arrived on the scene later.

27.     Defendants' actions against Plaintiffs caused them physical injuries.

28.     Defendants falsely arrested Plaintiffs for charges that were improper and completely lacked foundation or evidence.

///

///

///

///

## V.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 and First and Fourteenth Amendments
Against Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA**

29. Plaintiffs repeats and realleges by reference all prior paragraphs as if fully set forth herein.

30. The conduct of Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA, described herein, while acting under color of state law, denied Plaintiffs their rights to freedom of speech, assembly, and association guaranteed under the First and Fourteenth Amendments. Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA are therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

31. Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA violated Plaintiffs' First Amendment rights to assembly, speech and association by unlawfully denying Plaintiffs' right to lawfully assemble on their own private property.

32. Defendants' actions were done in retaliation for Plaintiffs exercising their First Amendment rights and intentionally acted out of a bias against Plaintiffs.

33. As a result of Defendants' unlawful actions, Plaintiffs have suffered violation of their First and Fourteenth Amendment rights to free speech, assembly and association.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered physical, mental and emotional injury, and mental anguish, suffering, humiliation, embarrassment and deprivation of their Constitutional rights.

35. Plaintiffs have suffered damages in excess of $15,000.00.

36. Plaintiffs have been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

*///*

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**
**Against Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA**

37. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

38. The conduct of Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA, as described herein, while acting under color of state law, violated Plaintiffs' right to be free from excessive force pursuant to the Fourth and Fourteenth Amendments. Defendants are therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

40. Plaintiffs have suffered damages in excess of $15,000.00.

41. Plaintiffs have been required to retain the services of attorneys to prosecute this action and are entitled to reasonable attorney fees and costs.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983 and Fifth and Fourteenth Amendments**
**Against Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA**

42. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

43. The conduct of Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA, as described herein, while acting under color of state law, denied Plaintiffs of their right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments. Defendants are therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

44.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered, physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and deprivation of Constitutional rights.

45.     Plaintiff has suffered damages in excess of $15,000.00.

46.     Plaintiff has been required to retain the services of attorneys to prosecute this action and is entitled to reasonable attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

**Battery Against Defendants PALMER, MONTGOMERY, and CONCHAS**

47.     Plaintiffs repeats and realleges by reference all prior paragraphs as if fully set forth herein.

48.     Defendants PALMER, MONTGOMERY, and CONCHAS willfully and unlawfully used force and/or violence upon Defendants when they forcibly handcuffed them, placing them in the back of police vehicles.

49.     As to Plaintiff TERRELL specifically, one or all of Defendants PALMER, MONTGOMERY, and CONCHAS unlawfully tackled him, striking him, and injuring him.

50.     Defendants' actions were deliberate and willful.

51.     Defendants' actions were witnessed by others.

52.     As a direct and proximate result of Defendants' negligence, Plaintiffs were required to seek medical care.

53.     Plaintiffs have suffered physical and mental pain and anxiety, and will continue to do so in the future.

54.     Plaintiffs have been damaged by Defendants' battery upon their person in a sum in excess of $15,000.00.

55.     Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to recover reasonable attorney fees and costs of this suit.

///

### FIFTH CLAIM FOR RELIEF

**Respondeat Superior/Vicarious Liability Against Defendant
The City of North Las Vegas**

56. Plaintiffs repeat and reallege by reference all prior paragraphs as if fully set forth herein.

57. The City of North Las Vegas was, to the extent known, the employer of Defendants PALMER, MONTGOMERY, CONCHAS, AND CESENA.

58. All negligent actions alleged against Defendants PALMER, MONTGOMERY, CONCHAS, and CESENA were performed within the scope of their employment and obligations as an employee and/or agent of Defendant The City of North Las Vegas.

59. Pursuant to the doctrine of respondeat superior, Defendant The City of North Las Vegas is vicariously liable to Plaintiffs for any and all damages directly and proximately caused by its employees or agent's negligent and intentional conduct, including Defendants PALMER, MONTGOMERY, CONCHAS, and CESENA.

60. As a direct and proximate result of Defendant The City of North Las Vegas' negligence, carelessness, recklessness, maliciousness, wanton and willfulness, Plaintiffs required medical care to treat the injuries they sustained due to the battery by Defendants PALMER, MONTGOMERY, CONCHAS, and CESENA in an amount in excess of $15,000.00.

61. Since the incident, Plaintiffs have experienced pain and suffering, in an amount in excess of $15,000.00.

62. Plaintiffs have been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney fees and costs.

### SIXTH CLAIM FOR RELIEF

**Negligent Hiring, Training, and Supervision Against Defendant
The City of North Las Vegas**

63. Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

64. Defendant The City of North Las Vegas hired and trained its employees and gave them complete control and authority in their duties.

65. Defendant The City of North Las Vegas had a duty to properly select, hire, train, retain, and supervise its employees and/or agents, and a further duty to ensure that said employees were exercising due care when Defendants PALMER, MONTGOMERY, CONCHAS, and CESENA willfully and unlawfully used force or violence upon Plaintiffs when they were forcibly handcuffed, injured, and thrown into police vehicles against their wills.

66. Defendant The City of North Las Vegas breached said duties when it failed to properly select, hire, train, retrain, and supervise Defendants PALMER, MONTGOMERY, CONCHAS, and CESENA.

67. As a direct and proximate cause of Defendant The City of North Las Vegas's negligence, carelessness, recklessness, maliciousness, wanton and willfulness, Plaintiffs suffered serious personal injuries to their body.

68. As a direct and proximate result of Defendant The City of North Las Vegas's negligence, carelessness, recklessness, maliciousness, wanton and willfulness, Plaintiffs required medical care to treat the injuries he sustained, in an amount in excess of $15,000.00.

69. Since the incident, Plaintiffs have experienced pain and suffering, in an amount in excess of $15,000.00.

70. Plaintiffs have been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney fees and costs.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution;

b. Injunctive relief against further Constitutional violations as described herein;

     c.     Attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920;

     d.     Pecuniary relief for damages caused;

     e.     For general damages sustained by Plaintiffs in an amount in excess of $15,000.00.

     f.     For special damages sustained by Plaintiffs in an amount in excess of $15,000.00 for past and future medical expenses, miscellaneous expenses, pain and suffering, and additional elements of damage not presently ascertainable.

     g.     For special damages sustained by Plaintiffs.

     h.     For punitive damages against Defendants.

     i.     For deterrent damages against Defendants.

     j.     For reasonable attorney fees and costs.

     k.     For interest at the statutory rate.

     l.     Any such other and further relief as this Court may deem appropriate and equitable, including declaratory relief as may be required in the interests of justice.

## VI.    JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 4th day of August 2020.

                                CLEAR COUNSEL LAW GROUP

                                /s/ Dustin E. Birch
                              Jared Richards, Esq.
                              Nevada Bar No. 11254
                              Dustin E. Birch, Esq.
                              Nevada Bar No. 10517
                              CLEAR COUNSEL LAW GROUP
                              1671 W. Horizon Ridge Pkwy, Ste 200
                              Henderson, Nevada 89102
                              Telephone No.: (702) 476-5900
                              Facsimile No.: (702) 924-0709
                              jared@clearcounsel.com
                              dustin@clearcounsel.com
                              *Attorneys for Plaintiffs*